1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   UNITED STATES OF AMERICA,                    CASE NO. 10cr1223WQH
                                                  CASE NO. 16cv1566WQH
12                    Plaintiff/Respondent,
            vs.                                   ORDER
13   WILLIAM ALBERT ZACHOLL (1),

14                    Defendant/Petitioner.

15   HAYES, Judge:

16          The matter before the Court is the motion for relief under 28 U.S.C. § 2255 filed

17   by Defendant/Petitioner.  (ECF No. 49).

18          On June 17, 2010, Defendant/Petitioner entered a plea of guilty to the Indictment

19   pursuant to a Plea Agreement. (ECF No. 23).  Defendant agreed to plead guilty to Count

20   1 of the Indictment charging him with felon in possession of a firearm in violation of

21   18 U.S.C. §§ 922(g)(1) and 924(a)(2), and Count 5 of the Indictment charging him with

22   possession of an unregistered sawed-off shotgun in violation of 26 U.S.C. §§ 5845(a),

23   5861(d) and 5871.  In the Plea Agreement, Defendant/Petitioner admitted as the factual

24   basis for the offense that

25          Prior to February 16, 2010, Defendant had been convicted of three felonies
            to wit: the Superior Court of California, County of San Diego, on or about
26          September 1, 1995, in case number SDC 114445, of being under the
            influence of a special controlled substance while in possession of a
27          firearm, in violation of California Health and Safety Code Section
            11550(e); on or about March 20, 1996, in case number SDC 119389, of
28          transportation of a controlled substance in violation of California Health

                                            - 1 -                            10CR1223WQH

1
2
3

and Safety Code Section 11379(a); and on or about December 2, 2002, in case number SCR 168954, of transportation of a controlled substance in violation of California Health and Safety Code Section 11379(a), all of which are crimes punishable by imprisonment for a term exceeding one year.

4

*Id*. at 5.   The Plea Agreement further stated:

5
6
7

In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence greater than the statutory maximum sentence.

8   *Id*. at 10.   Defendant signed the Plea Agreement, and initialed the page including the

9   waiver of appeal provision.   Defendant certified that he had read the Plea Agreement

10   and fully discussed the agreement with his counsel.   Defendant affirmed that he

11   consulted with counsel and that he was satisfied with his counsel.

12   On August 29, 2011, the Court held a sentencing hearing and applied the United

13   States Sentencing Guidelines applicable to the offenses as stated in the presentence

14   report.   In this case, the presentence report stated that the base offense level was 22

15   pursuant to U.S.S.G. § 2K2.1(a)(3); that a four-level increase was warranted pursuant

16   to U.S.S.G. § 2K2.1(b)(1)(B) because the offense involved eleven firearms; and that a

17   two-level increase was warranted pursuant to U.S.S.G. § 3C1.2 because defendant fled

18   from law enforcement officers at speeds in excess in 100 m.p.h.   The presentence report

19   stated that the base offense level was 22 pursuant to U.S.S.G. § 2K2.1(a)(3),

20
21
22

[b]ecause the offense involved a firearm described in 26 U.S.C. § 5845, and the defendant committed the instant offense subsequent to sustaining one felony conviction for controlled substance offense, transportation of a controlled substance (meth.) not for personal use, in San Diego Superior Court (Case No. SCD 168954).

23   PSR at 13.   The total offense level was 25, the criminal history category was V, and

24   the guideline range was 100 to 120 months.   The Court imposed a term of imprisonment

25   of 110 months on Count 1 and 110 months on Count 5, to be served concurrently.   (ECF

26   No. 43).   Defendant did not file an appeal from the judgment.

27
28

10CR1223WQH

## CONTENTIONS OF THE PARTIES

Defendant/Petitioner moves the Court to vacate his sentence on the grounds that the decision of the United States Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015) limits the definition of a crime of violence and that he has never been convicted of a violent crime.  Plaintiff United States of America  contends that the motion to vacate sentence should be denied on the grounds that *Johnson* has no application to this case, that Defendant/Petitioner has waived his right to challenge his sentence, and that any claim in the petition other than a claim based upon *Johnson* is time barred.

## APPLICABLE LAW

28 U.S.C. §2255 provides that "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. §2255.

## RULING OF THE COURT

In this case, the record conclusively shows that the Defendant has waived his right to bring a § 2255 motion.  In exchange for the Government's concessions in the Plea Agreement, the Defendant waived "to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence greater than the statutory maximum sentence." (ECF No. 23 at 10).  This waiver is clear, express, and unequivocal.  Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face and the waiver was knowing and voluntary.    *United States v.Bibler*, 495 F.3d 621, 623-24 (9th Cir. 2007).

1  Defendant/Petitioner makes no claim that the plea agreement was not knowing or
2  voluntary.

3      At the time of sentencing, the Court imposed a sentence of 110 months which is
4  less than the statutory maximum sentence of 10 years imprisonment as provided in 18
5  U.S.C. § 924(a)(2) and 26 U.S.C. § 5871. (ECF No. 43).  Pursuant to the terms of the
6  Plea Agreement, the Defendant waived his right to appeal or to collaterally attack his
7  sentence in this case.  Even without the waiver, the motion under 28 U.S.C. § 2255 is
8  barred by the "1-year period of limitation" provided in 28 U.S.C. § 2255(f).  In addition,
9  Defendant/Petitioner's § 2255 motion is procedurally defaulted on the grounds that he
10  did not raise the claims on direct appeal or shown cause and prejudice or actual
11  innocence.  *United States v. Ratigan*, 351 F.3d 957, 962 (2003) ("A §2255 movant
12  procedurally defaults his claims by not raising them on direct appeal and not showing
13  cause and prejudice or actual innocence in response to the default.").

14      Finally, the Defendant/Petitioner presents no exception to the waiver in the plea
15  agreement or any grounds for relief under Section 2255 based upon *Johnson*.[1]  On June
16  26, 2015, the United States Supreme Court determined that the section of the Armed
17  Career Criminal Act ("ACCA") known as the "residual clause" was void for vagueness
18  in  *Johnson v. United States*, 135 S. Ct. 2551 (2015).  The ACCA residual clause
19  provided enhanced penalties for a defendant with a "violent felony," that is, a felony
20  that "otherwise involves conduct that presents a serious potential risk of physical injury
21  to another."  18 U.S.C. § 924(e)(2)(B)(ii).[2]  The Supreme Court in *Johnson* limited the

22

---

23      [1] The Supreme Court determined that *Johnson* stated a "new substantive rule that has
24  retroactive effect in cases on collateral review."  *Welch v. United States*, 136 S. Ct. 1257, 1268
    (2016).

25      [2] The ACCA defines "violent felony" as follows: "any crime punishable by
26  imprisonment for a term exceeding one year ... that—(I) has as an element the use, attempted
    use, or threatened use of physical force against the person of another; or (ii) is burglary, arson,
27  or extortion, involves use of explosives, or **otherwise involves conduct that presents a
    serious potential risk of physical injury to another**." § 924(e)(2)(B). (emphasis added).  The
28  language referred to as the "residual clause" appears in bold.

application of its holding to the residual clause of the ACCA.  *Johnson*, 135 S. Ct. at 2563. ("Today's decision does not call into question application of the Act to . . . the remainder of the Act's definition.").

In this case, Defendant/Petitioner was not sentenced under 18 U.S.C. § 924 or under any provision similar to the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii).  The application of U.S.S.G. § 2K2.1 provided for a base offense level of 22 "if the offense involved a . . . firearm that is described in 26 U.S.C. § 5845(a); and (b) the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense."  U.S.S.G. § 2K2.1(a)(3).  The presentence report found that "[b]ecause the offense involved a firearm described in 26 U.S.C. § 5845, and the defendant committed the instant offense subsequent to sustaining one felony conviction for controlled substance offense, transportation of a controlled substance (meth.) not for personal use, in San Diego Superior Court (Case No. SCD 168954),the base offense level is 22, pursuant to USSG § 2K2.1(a)(3)."  PSR at 13.  In the Plea Agreement, Defendant admitted as a factual basis for the plea that "[p]rior to February 16, 2010, Defendant had been convicted of three felonies, to wit: . . . on or about December 2, 2002, in case number SCR 168954, of transportation of a controlled substance in violation of California Health and Safety Code Section 11379(a)."  (ECF No. 23 at 5).  The Court imposed the base offense level of 22 pursuant to U.S.S.G. § U.S.S.G. § 2K2.1(a)(3) based upon the admission by Defendant/Petitioner that the instant offense was subsequent to sustaining a controlled substance offense and not a "crime of violence."  This Court concludes that no portion of the decision of the Supreme Court in  *Johnson* calls into question provisions of the sentencing guidelines applicable to the Defendant/Petitioner's offense of conviction or the legality of the sentence imposed in this case.  Any claim outside the *Johnson* claim is waived by the plea agreement, time-barred by 28 U.S.C. 2255(f), as well as procedurally defaulted.

10CR1223WQH

1         IT IS HEREBY ORDERED that the motion for relief under 28 U.S.C. § 2255

2    filed by Defendant/Petitioner (ECF No. 49) is denied.

3    DATED:  November 28, 2016

4                                    _William Q. Hayes_

                                        **WILLIAM Q. HAYES**

5                                            United States District Judge